IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALBERTO LOPEZ-HERRERA | § | |
| | § | |
| V. | § | A 16-CV-989-LY |
| | § | (A-14-CR-81-LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Alberto Lopez-Herrera's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 35). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Pursuant to a plea agreement, on May 2, 2014, Lopez-Herrera pled guilty to illegal reentry into the United States, a violation of 8 U.S.C. § 1326. Dkt. No. 24. On July 9, 2014, the District Court accepted Lopez-Herrera's plea and sentenced him to a 46 month term of imprisonment, followed by a three year term of supervised released, and a $100 special assessment fee. Dkt. No. 32. Lopez-Herrera did not appeal his sentence. On August 18, 2016, Lopez-Herrera filed this Motion to Vacate, challenging his conviction, raising a single argument: his sentence enhancement was unconstitutional as a result of the recent Supreme Court decision in *Johnson v. United States.*

## II. ANALYSIS

Lopez-Herrera argues that under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was held retroactive by *Welch v. United States*, 136 S.Ct. 1257 (2016), the District Court improperly calculated his sentence. In *Johnson*, the Court addressed a portion of the definition of "violent felony" in the Armed Career Criminal Act. Under the ACCA, a defendant convicted of a gun possession offense under § 922(g) faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B) (emphasis added). The final phrase of this definition, italicized above, has come to be known as the Act's "residual clause." In *Johnson* the Supreme Court found the residual clause unconstitutionally vague, and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563.

Lopez-Herrera was not sentenced under the ACCA, but rather under 8 U.S.C. § 1326(b)(2), which provides for enhanced imprisonment of "not more than 20 years" for § 1326 defendants "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). While the term "aggravated felony" is defined for purposes of this statute as including "a crime of violence" as defined in 18 U.S.C. § 16, and while some courts have found that *Johnson*

may undermine the validity of the "crime of violence" definition in 18 U.S.C. § 16,[1] that portion of the definition did not apply to Lopez-Herrera's case.[2]  Rather, Lopez-Herrera's sentence was enhanced based upon the type of "aggravated felony" listed in 8 U.S.C. § 1101(a)(43)(B): "illicit trafficking in a controlled substance . . . including a drug trafficking crime." Dkt. No. 31 at ¶ 12. There is no dispute that Lopez-Herrera was convicted in 2009 of Conspiracy to Posses with Intent to Distribute 500 Grams or More of Cocaine (*see* Dkt. No. 143 in *United States v. Lopez-Herrera*, No. A-09-CR-121(6) LY), nor is there any dispute that this qualifies as a "drug trafficking crime" under § 1101(a)(43)(B).

Accordingly, since Lopez-Herrera's sentence calculation was not in any way based upon the ACCA, or any other United States Sentencing Guideline or statute containing language implicated by the Supreme Court's decision in *Johnson,* Lopez-Herrera's motion should be denied.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Alberto Lopez-Herrera's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 35).

### IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

---

[1] *See, e.g., United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

[2] Even if it had, the Fifth Circuit recently rejected the *Johnson*-based challenge to 18 U.S.C. § 16(b)'s definition of "crime of violence." *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc).

The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 21st day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE